

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| LARRY JAMES TYLER,<br>   Plaintiff, | § § § | |
| vs. | § | Civil Action No.: 9:24-3130-MGL |
| | § | |
| DIRECTOR OF THE DARLINGTON<br>COUNTY DETENTION CENTER,<br>   Defendant. | § § § § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
SUMMARILY DISMISSING THIS CASE WITHOUT PREJUDICE,
AND DEEMING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION**

  Plaintiff Larry James Tyler (Tyler), who is representing himself, brought this civil action against Defendant Director of the Darlington County Detention Center (DCDC). Tyler requests declaratory and injunctive relief for violations of his constitutional rights under 42 U.S.C. § 1983. The Court has jurisdiction as per 28 U.S.C. § 1331.

  This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court summarily dismiss this case without prejudice, without leave to amend, and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 27, 2024. The Clerk of Court docketed Tyler's objections on September 13, 2024. The Court has carefully reviewed Tyler's objections but holds them to be without merit. It will therefore enter judgment accordingly.

In 2013, a jury convicted Tyler of criminal solicitation of a minor, second-degree sexual exploitation of a minor, contributing to the delinquency of a minor, and disseminating harmful material to minors. The trial court sentenced him to a total of eight years of imprisonment. Tyler unsuccessfully appealed and later filed an application for post-conviction relief (PCR).

While Tyler's PCR action was pending, the state filed a petition for civil commitment under the Sexually Violent Predator Act (SVPA), S.C. Code Ann. §§ 44-48-10 to -180. The state alleged Tyler qualified as a sexually violent predator and should thus be committed to the custody of the South Carolina Department of Mental Health for long-term control, care, and treatment. Tyler moved to dismiss the petition, specifically objecting to the administration of a penile plethysmograph examination (PPG exam). The circuit court denied Tyler's motion and ordered him to comply with the PPG exam. Tyler refused, so the circuit court ordered he be held in civil contempt and detained at DCDC.

The PCR court thereafter dismissed Tyler's PCR application. Tyler appealed to the South Carolina Court of Appeals, which affirmed his sexual exploitation conviction but reversed and remanded his other convictions on the basis of ineffective assistance of counsel.

Tyler's sentence on the sexual exploitation sentence has now expired. But, Tyler remains housed at DCDC per the contempt order.

In this Section 1983 action, Tyler alleges the state "submitted evidence into court that [it] knew was obtained by the police without the legal right to enter [his] home and take [his] computer." Complaint at 6. He maintains the state "never told the court [it was] introducing illegal evidence . . . to confirm [his] conviction[,]" *id.*, and his attorneys neglected to contest the legality of the evidence. Moreover, Tyler asserts the circuit court's decision in the SVPA proceedings was invalidated by the reversal of three of his convictions. And, Tyler posits the sexual exploitation conviction fails to qualify as a sexually violent offense under the SVPA.

As the Court stated above, the Magistrate Judge filed a Report recommending the Court summarily dismiss this action. Tyler filed numerous objections to the Report. The Court will address each objection in turn.

First, Tyler challenges the Magistrate Judge's determination the *Rooker-Feldman* doctrine prohibits the Court from reviewing any rulings in his direct appeal and PCR action. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923) (explaining a federal district court lacks appellate authority to review the final determination of a state court); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (same).

Tyler maintains the *Rooker-Feldman* doctrine is inapplicable, as he is merely requesting this Court require the South Carolina Supreme Court to hold an evidentiary hearing. The Court, however, agrees with the Magistrate Judge ruling "in favor of [Tyler] on claims filed in this action may require this [C]ourt to overrule and reverse orders and rulings made in the state court." Report at 6. And, "[s]uch a result is prohibited under the *Rooker-Feldman* doctrine." *Id.*; *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining the *Rooker-Feldman* doctrine prohibits federal courts from reviewing "cases brought by state-court losers complaining

of injuries caused by state-court judgments rendered before the district court proceedings commenced"). The Court will thus overrule this objection.

Second, Tyler objects to the Magistrate Judge's statement he "appears to be requesting release from confinement." Report at 7.

Tyler concedes his criminal sentence has expired, so he is unable to seek habeas corpus relief. But, Tyler disregards the fact his complaint requests the Court "issue an injunction for the state to release [him] from under the [SVPA] commitment immediately." Complaint at 65. And, as the Magistrate Judge explained, this remedy is unavailable in a Section 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [Section] 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). The Court will therefore overrule this objection, too.

Third, Tyler contests the Magistrate Judge's determination the Court should abstain from interfering with the SVPA proceeding, which remains pending, under *Younger v. Harris*, 401 U.S. 37 (1971).

Tyler asserts *United States v. Magassouba*, 544 F.3d 387 (2d Cir. 2008), and *United States v. Rinaldi*, 351 F.3d 285 (7th Cir. 2003), authorize the federal district courts to consider appeals from commitment proceedings. Both of these cases, however, arose from federal proceedings in which *Younger* was inapplicable. *See Younger*, 401 U.S. at 41 (announcing a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances"). And, the Magistrate Judge correctly determined SVPA proceedings at issue here warrant *Younger* abstention. *See also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 ("Our

decisions applying *Younger* to instances of civil enforcement have generally concerned state proceedings 'akin to a criminal prosecution' in 'important respects.' (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975))). Accordingly, the Court will overrule this objection, too.

Fourth, Tyler objects to the Magistrate Judge's conclusion he "has not alleged any 'extraordinary circumstances' justifying federal interference with the state proceedings." Report at 10; *see Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) (explaining a federal court may disregard *Younger* only if extraordinary circumstances present a possibility of irreparable harm).

Tyler posits extraordinary circumstances exist in this case because this Court has yet to allow him an opportunity to produce evidence in support of his claims. But, like the Magistrate Judge, the Court is unable to conclude these circumstances rise to the requisite level. *See, e.g.*, *id.* ("Federal intervention may be proper where there is a showing of 'bad faith or harassment by state officials,' or where the state law to be applied in the criminal proceeding is 'flagrantly and patently violative of express constitutional prohibitions.'" (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006))). Hence, the Court will also overrule this objection.

Because these issues are dispositive, it is unnecessary for the Court to address Tyler's remaining objections. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Tyler's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this case is summarily **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process. Inasmuch as Tyler's

objections were timely filed, his motion for an extension of time to file them late is necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 8th day of September 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Tyler is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.